UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN DOE                                                                                              PLAINTIFF

v.                                          No. 5:18-CV-5182

UNIVERSITY OF ARKANSAS-FAYETTEVILLE, et al.                              DEFENDANTS

### ORDER

Before the Court is Plaintiff John Doe's motion (Doc. 3) for permission to proceed under a pseudonym. Defendants have not filed a response. For the reasons set forth below, Plaintiff's motion will be GRANTED.

The Federal Rules of Civil Procedure require pleadings to name all parties. Fed. R. Civ. P. 10(a). "Proceeding under a pseudonym in federal courts is, by all accounts, an unusual procedure." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (internal quotations omitted). However, in limited circumstances, courts may allow a party to proceed under a pseudonym. *Id.* One exception to the general rule is cases involving "intensely personal matters," in the interest of protecting privacy. *Doe v. Univ. of St. Thomas*, No. 16-cv-1127, 2016 WL 9307609 at *1 (D. Minn. May 25, 2016). Although there is no specific guidance from the Supreme Court or the Eighth Circuit on what qualifies as an "intensely personal matter" warranting the use of a pseudonym, courts have routinely considered 1) whether the plaintiff is challenging governmental activity; 2) whether the lawsuit requires the plaintiff to disclose information of the utmost intimacy; and 3) whether the plaintiff would be required to admit their intention to engage in illegal conduct, which could expose them to criminal prosecution. *Id.* Courts also consider whether allowing the Plaintiff to proceed under a pseudonym will harm the Defendant publicly or in the

litigation. *Doe v. Colgate Univ.*, No. 5:15-cv-1069, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016).

Here, Plaintiff will be required to disclose information of the utmost intimacy to move forward with his current claims. Courts have consistently held that litigation involving pleadings and supporting documents detailing private sexual acts between two young college students are "truly intimate matters." *Doe v. Univ. of St. Thomas*, 2016 WL 9307609 at *2; *Doe v. Colgate Univ.*, 2016 WL 1448829, at *3-4; *Doe v. the Rector and Visitors of George Mason Univ.*, 179 F.Supp.3d 583, 593 (E.D. Va. Apr. 14, 2016). It is also significant that the Defendants do not object to Plaintiff's motion to proceed under a pseudonym. The Defendants have not demonstrated how allowing Plaintiff to proceed under a pseudonym harms or prejudices them in public or in the ongoing litigation. The Defendants are aware of the identity of the student and can proceed with discovery despite the pseudonym in the caption of the lawsuit.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 3) to proceed under a pseudonym is GRANTED.

IT IS SO ORDERED this 17th day of December, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE